IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN MCCLELLAN, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>(1) SKYTECH ENTERPRISES, LTD, d/b/a SKYTECH SECURITY SERVICES,<br>(2) ASBERRY RAKESTRAW, individually, and<br>(3) ANNA RAKESTRAW, indvidually,<br><br>    Defendants. | Case No. CIV-12-202-RAW |

## ORDER

Before the court is Defendants' motion to dismiss [Docket No. 6]. Plaintiff filed his Petition in the District Court of Pittsburg County on April 9, 2012. In his Petition, Plaintiff brings two causes of action: (1) breach of implied contract, and (2) violation of public policy. On May 4, 2012, Defendants removed the state court action to this court. Removal to this court is proper pursuant to 28 U.S.C. § 1441.

Plaintiff alleges that he was employed by Amtex Security, Inc. ("Amtex") under the Service Contract Act at McAlester Army Ammunition Plant ("MAAP") for more than three years. He alleges that he was an excellent employee and had all relevant certifications and qualifications. He further alleges that he was an active member of the Local Union 796 of the Security, Police, Fire Professionals of America ("SPFPA"). Plaintiff alleges that he was subject to the collective bargaining agreement that was negotiated between the SPFPA Local Union 796 and Amtex.

Plaintiff argues that when Skytech Enterprises, d/b/a Skytech Security Services ("Skytech") was awarded the security contract for MAAP, Skytech was required by federal law to abide by that collective bargaining agreement until such time as it negotiated a new agreement. Plaintiff alleges that Skytech did not abide by the collective bargaining agreement, instead choosing not to retain Plaintiff and/or to terminate him because of his active involvement in the labor union. Plaintiff argues that he should have been retained based on his seniority, qualifications, and excellent work history.

**First Claim**

Defendant argues that Plaintiff's first cause of action should be dismissed because: (1) any state law breach of contract claim is preempted by section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and (2) Plaintiff has failed to state a claim for relief under section 301. Plaintiff concedes that his breach of implied contract claim is preempted by section 301 of the LMRA, but argues that he made plausible allegations in his Petition that Defendants violated section 301. Alternatively, Plaintiff argues that he should be given leave to amend.

Defendants are correct that Plaintiff has not stated a claim for violation of section 301 of the LMRA. Plaintiff has made no allegations with regard to his exhaustion of any grievance or arbitration remedies provided in the collective bargaining agreement, any breach of duty by the labor union, or any causal connection between an alleged breach by the labor union and the integrity of the arbitration process. See DelCostello v. International Broth. of Teamsters, 462 U.S. 151 (1983); Webb v. ABF Freight System, Inc., 155 F.3d 1230 (10th Cir. 1998).

Federal Rule of Civil Procedure 15(a)(2) requires the court to freely give leave to amend when justice so requires. Accordingly, Defendant's motion to dismiss Plaintiff's first claim is denied at this time. Plaintiff may file an Amended Complaint no later than August 17, 2012. If Plaintiff does not file an Amended Complaint, the court will dismiss this claim.

**Second Claim**

Defendant argues that Plaintiff's second cause of action should be dismissed because the policy upon which Plaintiff relies, Executive Order 13495 ("EO 13495")[*], has not yet become effective. Defendant further argues that EO 13495 does not create a private cause of action. Instead, the Secretary of Labor has exclusive authority to resolve disputes. Defendant also argues that EO 13495 does not apply to "managerial and supervisory" employees.

Section 10 of EO 13495 states that it is effective immediately and applies to solicitations issued on or after the effective date for the action taken by the Federal Acquisition Regulatory Council under section 6(b) of EO 13495. The parties agree that such action has not yet been taken. Even if it had, however, Defendant is correct that EO 13495 does not create a cause of action.

Section 6 of EO 13495 makes clear that the Secretary of Labor is tasked with the enforcement of EO 13495. "The Secretary of Labor (Secretary) is responsible for investigating and obtaining compliance with this order. In such proceedings, the Secretary shall have the authority to issue final orders prescribing appropriate sanctions and remedies, including but not limited to, orders requiring employment and payment of wages lost." Section 6(b) of EO 13495

---

[*]Plaintiff does not explicitly state in his Petition that he is relying on EO 13495, but in his Response to the motion at issue, he concedes that he is.

goes on to state that certain disputes "shall be disposed of only as provided by the Secretary" and that "resolution of disputes by efficient and informal alternative dispute resolution methods" is favored.

> Furthermore, Section 9(c) states:
>
> This order is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person.  This order is not intended, however, to preclude judicial review of final decisions by the Secretary in accordance with the Administrative Procedure Act, 5 U.S.C. § 701, et seq.

Accordingly, unless Plaintiff brings an action in this court for judicial review of a final decision by the Secretary of Labor, any claim based on EO 13495 fails.  Defendant's motion is GRANTED as to this claim.

**Conclusion**

Accordingly, the motion to dismiss [Docket No. 6] is hereby DENIED in part and GRANTED in part.  Plaintiff has not stated a claim for violation of section 301 of the Labor Management Relations Act.  Plaintiff may file an Amended Complaint no later than August 17, 2012.  If Plaintiff fails to file his Amended Complaint, his first cause of action will be dismissed.  Plaintiff's second cause of action, his policy claim pursuant to Executive Order 13495, is DISMISSED without prejudice.

IT IS SO ORDERED this 3rd day of August 2012.

**Dated this 3rd day of August, 2012.**

*/s/ Ronald A. White*
Ronald A. White
United States District Judge
Eastern District of Oklahoma